IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-1182-JLK

RICHARD SCOTT JACKSON,

      Plaintiff,

v.

RICHARD BESECKER,

      Defendant.

___

MINUTE ORDER
___

Judge John L. Kane ORDERS

      This matter is before me on the parties' "Stipulation for Extension to Amend Pleading" (Doc. 21), invoking D.C.COLO.LCivR 6.1(a) to extend, by stipulation, the deadline for amending pleadings set forth in the operative Scheduling Order. Representing that Local Rule 6.1(a) "provides that the parties may stipulate in writing to one extension of not more than 21 days to amend a pleading" (Mot. at 2), the parties purport to stipulate to a "fourteen (14) day extension of time up to and including December 14, 2015, in which to amend the pleadings." The representation regarding the content of Rule 6.1(a) is erroneous (egregiously so) and the relief requested entirely unavailable.

      For the second time in this case (*see* Doc. 20, for the first) counsel have failed either to read or apprehend Local Rule 6.1(a). Local Rule 6.1(a) authorizes parties to "stipulate in writing to one extension of not more than 21 days beyond time limits prescribed by the Federal Rules of Civil Procedure to *respond* to a pleading or amended pleading, interrogatories, requests for

production of documents, or requests for admissions," and provides that "[a]ny other request for an extension of time or continuance must be approved by court order *on motion."* D.C.COLO.LCiv.R 6.1(a)(emphasis mine).  The extension of deadlines to *amend* a pleading in the first instance under Rule 15 – the deadline at issue here – is not even contemplated by Rule 6.1(a).  Deadlines to amend pleadings are imposed by the operative Scheduling Order in a case, and may be extended only through amendment of the Scheduling Order "upon motion showing good cause and order entered thereon."  *See* Scheduling Order (Doc. 15) at p. 16.  In short, there is no mechanism under the Local Rules to "stipulate" to an extension of Scheduling Order deadlines.

From this date forward, counsel are expected to read and apprehend the rules governing local motions practice in this district and further obvious failures to do so may result in a filing being stricken, or worse.  For our present purposes, however, I will treat the erroneously filed "Stipulation" as an Unopposed Motion to Amend the Scheduling Order and GRANT it upon a finding of sufficient cause.  Plaintiff shall have to and including December 14, 2015, in which to amend his Complaint.

_____

Dated November 24, 2015